Anthony L. Martin
Nevada Bar No. 8177
anthony.martin@ogletree.com
Elody C. Tignor
Nevada Bar No. 15663
elody.tignor@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorneys for Defendant Las Vegas-CJD, LLC DBA Sahara Chrysler Dodge Ram*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SHAWNA CHRISTION, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS-CJD, LLC, A LIMITED LIABILITY COMPANY DOING BUSINESS AS SAHARA CHRYSLER DODGE RAM, AND DOES 1-50, INCLUSIVE,<br><br>Defendants. | Case No. 2:23-cv-00414-APG-VCF<br><br>[~~PROPOSED~~] **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH L.R. 26-1(b)** |

Plaintiff Shawna Christion ("Plaintiff") and Las Vegas-CJD, LLC dba Sahara Chrysler Dodge Ram ("Defendant"), by and through their respective attorneys of record, hereby submit this Stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1(b).

**I.      Procedural History**

Plaintiff, filed her Complaint on March 16, 2023 against Defendant. (ECF No. 1.) On April 7, 2023, Defendant filed a Partial Motion to Dismiss Plaintiff Shawna Christion's Complaint ("Motion to Dismiss") to dismiss Plaintiff's Second and Fourth Causes of Actions. (ECF No. 9.) On April 13, 2023, the parties submitted a Stipulation and Order ("Stipulation) to Dismiss Plaintiff's Second and Fourth Causes of Action.  (ECF No. 10.)  The Stipulation was granted, and the Order

was filed on April 18, 2023. (ECF No. 12.) On May 9, 2023, Defendant filed its Answer to Plaintiff's Complaint. (ECF No. 14.)

On May 2, 2023, the Court filed an Order Scheduling an Early Neutral Evaluation ("ENE") for July 5, 2023. (ECF No. 13.) On May 10, 2023, Defendant filed a Request for Exception to the ENE in-person attendance requirement to request that its representative with binding authority to settle this matter attend the ENE virtually. (ECF No. 15.)

## II.    Fed. R. Civ. P. 26(f) Meeting

On May 17, 2023, counsel for Plaintiff, Kathryn L. Bain of Bain Mazza & Debski LLP and counsel for Defendant, Elody C. Tignor of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. participated in the Fed. R. Civ. P. 26(f) conference.

## III.    Initial Disclosures

Pursuant to Fed. R. Civ. P. 26(f)(3)(A), the parties stipulate that there shall be no changes to the form or requirement for disclosures under Fed. R. Civ. P. 26(a). The parties have stipulated that disclosures under Fed. R. Civ. P. 26(a) shall be due on or before **Wednesday, May 31, 2023**, which is fourteen (14) days from May 17, 2023, the Rule 26(f) Conference.

## IV.    The Subjects on Which Discovery Will Be Conducted

The parties agree that discovery will be needed on Plaintiff's claims and causes of action, damages, as well as Defendant's defenses to the same consistent with the Federal Rules of Civil Procedure and the Local Rules of this District. The parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case subject to the limitations imposed by Fed. R. Civ. P. 26(b)(2).

## V.    Issues Related to the Disclosure or Discovery of Electronically Stored Information

The parties believe that this case may involve or require the inspection or production of some electronically stored information ("ESI"). To the extent a party requests ESI, the parties agree that the ESI can be produced in paper format, as a readable image (e.g., .pdf, .jpg, or .tiff) file, or via hard electronic copy (e.g., CD_ROM, DVD, or Dropbox.com) while reserving the right to seek ESI thereafter if necessary and to the extent readable images are insufficient in establishing any claims or defenses. If a party later requests the ESI be produced in its native format and/or as a forensic

2

1  copy, the parties agree to meet and confer to determine the parameters of the production and to
2  produce according to the Federal Rules of Civil Procedure and LR 26-1(b)(9).

**VI.   Issues Regarding Privilege or Protection**

The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product.  Further, the parties acknowledge and agree that while each taking reasonable steps to identify and prevent the disclosure of any document (or information) that they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently.  Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld.  Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof.  By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

**VII.   Discovery Disputes**

The parties agree that before moving for an order relating to discovery after complying with the Federal Rules of Civil Procedure and applicable Local Rules of this District, the moving party must request a status conference with the Court pursuant to Fed. R. Civ. P. 16(b)(3)(v).

**VIII.   Alternative Dispute Resolution**

The parties hereby certify that they have met and conferred about the possibility of using alternative dispute resolution processes including mediation, arbitration.  The parties believe private mediation may be beneficial, and the parties will meet and confer about it further should the ENE be unsuccessful.

/ / /

/ / /

3

**IX.     Alternative Forms of Case Disposition**

Pursuant to LR 26-1(b)(7-9), the parties hereby certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program.  At this time, the parties do not consent to trial by the magistrate judge or to the use of the Court's Short Trial Program.

**X.      Electronic Evidence**

The parties hereby certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations.  Discussions between the parties will be ongoing as the trial date approaches, and the parties stipulate that they intend to present any electronic evidence in a format compatible with the court's electronic jury evidence display system.

**XI.     Discovery Plan**

All discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court.  The parties propose to the Court the following cut-off dates:

a.      **Discovery Cut-off Date**:  The discovery cut-off deadline shall be **Wednesday, October 4, 2023**, 180 days from the date of Defendant's Partial Motion to Dismiss, which was filed on April 7, 2023.

b.      **Amending the Pleadings and Adding Parties**:  The deadline to amend pleadings or add parties shall be **Thursday, July 6, 2023**, ninety (90) days prior to the discovery cut-off date.

c.      **Expert Disclosures**:  The expert disclosure deadline shall be **Monday, August 7, 2023**,[1] fifty-eight (58) days prior to the discovery cut-off date. Rebuttal expert disclosures shall be made by **Wednesday, September 6, 2023**, thirty (30) days after the initial disclosure of experts.

d.      **Dispositive Motions**:  Dispositive motions shall be filed by **Friday, November 3, 2023**, thirty (30) days after the discovery cut-off date.

---

[1] 60 days before the Discovery Cutoff of October 4, 2023, is Saturday, August 5, 2023. Pursuant to Fed. R. Civ. P. 6(a)(1)(c), the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

4

1      e.      **Pretrial Order**: The Pretrial Order shall be filed no later than **Monday, December 4, 2023**,[2] thirty-one (31) days after the deadline for filing dispositive motions date. In the event dispositive motions have been filed, the Pretrial Order shall be suspended until thirty (30) days after a decision of the dispositive motions or further order of the Court.

      f.      **Fed. R. Civ. P. 26(a)(3) Disclosures**: The pretrial disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the final pretrial order in accordance with LR 26-1(b)(6).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] 30 days after the date of filing dispositive motions is Sunday, December 3, 2023. Pursuant to Fed. R. Civ. P. 6(a)(1)(c), the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. CHARLESTON BLVD.
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

## XII. Extensions or Modifications of the Discovery Plan and Scheduling Order

In accordance with LR 26-3, any motion or stipulation to extend a deadline set forth in this discovery plan and scheduling order shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made within twenty-one (21) days of the subject deadline will be supported by a showing of good cause. Any stipulation or motion will comply fully with LR 26-3.

| | |
|---|---|
| DATED this 19th day of May, 2023. | DATED this 22nd day of May, 2023. |
| BAIN MAZZA & DEBSKI LLC | OGLETREE, DEAKINS, NASH, SMOAK & STEWART P.C. |
| /s/ *Kathryn L. Bain* | /s/ *Elody C. Tignor* |
| Kathryn L. Bain<br>Nevada Bar No. 15496<br>10300 W. Charleston Blvd., Ste. 13-191<br>Las Vegas, NV 89135<br>Telephone: 702.919.1090<br>*Attorney for Plaintiff Shawna Christion* | Anthony L. Martin<br>Nevada Bar No. 8177<br>Elody C. Tignor<br>Nevada Bar No. 15663<br>10801 W. Charleston Blvd.<br>Suite 500<br>Las Vegas, NV 89135<br>Telephone: 702.369.6800<br>Fax: 702.369.6888<br><br>*Attorneys for Defendant Las Vegas-CJD, LLC DBA Sahara Chrysler Dodge Ram* |

**ORDER**

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

5-23-2023

DATE

6